IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**DANIEL W. JAMISON,**

        **Plaintiff,**

**v.**                                                                        Civil Action No. 3:23cv346

**DAVID ROBINSON,** *et al.,*

        **Defendants.**

## MEMORANDUM OPINION

Daniel W. Jamison, a Virginia inmate proceeding *pro se*, and a frequent litigant in the federal courts, filed this 42 U.S.C. § 1983 action.[1] The matter proceeds on Jamison's Complaint and is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

### I. Preliminary Review

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous or malicious" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). The first standard for frivolousness includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)), *aff'd*, 36 F.3d 1091

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

(4th Cir. 1994). The second standard is the familiar standard for a motion to dismiss Federal Rule of Civil Procedure 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In

2

order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his or her complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. Jamison's Complaint

This Complaint is yet another in a series of actions where Jamison sues individuals involved in his now dismissed case in the United States District Court for the Western District of Virginia. *See Jamison v. Amonette*, No. 7:18–cv–00504, 2022 WL 326095, at *1 (W.D. Va. Feb. 3, 2022). In his Complaint, Jamison contends that David Robinson, the Chief of Corrections for the Virginia Department of Corrections ("VDOC"), Natarcha Gregg, a dietician for the VDOC, and Paul Ohia, a licensed medical practitioner (collectively, "Defendants"), violated his Fourteenth Amendment right to due process.[2] (ECF No. 1, at 2–3.)[3] Specifically, Jamison argues that Defendants provided false testimony in the affidavits that they filed in *Jamison v. Amonette*, No. 7:18–cv–00504 (W.D. Va.) ("Western District Case") and that caused the case to be dismissed. (ECF No. 1, at 3–4). As relief, Jamison asks the Court to, *inter alia*, find Defendants liable for civil perjury, grant him injunctive relief "in the form of outside medical

---

[2] "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV, § 1.

[3] The Court employs the pagination assigned by the CM/ECF docketing system.

3

services for his known celiac disease," to investigate certain state attorneys, "to suspend all professional licensing," and to award monetary damages. (ECF No. 1, at 14–15.) As discussed below, Jamison's claims and the action are both frivolous and malicious.

### III. Analysis

It is both unnecessary and inappropriate to engage in an extended discussion of Jamison's theories for relief. *See Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996) (emphasizing that "abbreviated treatment" is consistent with Congress's vision for the disposition of frivolous or "insubstantial claims" (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989))). Jamison's allegations here are premised on Defendants' role as witnesses for the VDOC defendants in his Western District Case.[4] Jamison claims that Defendants provided false information in their affidavits which caused his case to be dismissed. Having no success in his claims against those VDOC defendants named in the Western District Case, Jamison once again attempts to cast the net wider to sue anyone involved with the Western District Case. As discussed below, Jamison's claims are both frivolous and malicious.

#### A. Jamison's Claims Are Legally Frivolous

Jamison's claims against Defendants are barred by the Witness Litigation Privilege, "which protects witnesses who testify in judicial and quasi-judicial proceedings from later civil liability." *Day v. Johns Hopkins Health System Corp.*, 907 F.3d 766, 769 (4th Cir. 2018). The "law affords absolute immunity to those persons who aid in the truth-seeking mission of the judicial system" and "[t]his protection extends to judges, prosecutors and witnesses." *Id.* at 771 (citations omitted); *Briscoe v. LaHue*, 460 U.S. 325, 329–34 (1983) (explaining that witnesses are immune "from subsequent damages liability for their testimony in judicial proceedings" in

---

[4] According to Jamison, Defendant Gregg was also a named defendant in the Western District Case. However, his claims against her here derive from the testimony in her affidavit, and thus, from her role as a witness in that case.

4

who filed affidavits in support of a motion for summary judgment in Plaintiff's other pending case . . . cannot be sued under 42 U.S.C. § 1983 based on Plaintiff's displeasure with the contents of their affidavits." (citation omitted) (footnote omitted)). Accordingly, Defendants are absolutely immune from civil liability and Jamison's claims are legally frivolous. Accordingly, Jamison's claims will be DISMISSED as FRIVOLOUS.[6]

### B. The Action Is Also Malicious

The courts are charged with dismissing an action proceeding *in forma pauperis* at any time during the course of the litigation that it becomes clear that the action is frivolous or malicious. 28 U.S.C. §§ 1915A, 1915(e)(2); *see also White v. Gregory*, 1 F.3d 267, 269 (4th Cir. 1993). With respect to the second standard, this Court has observed that:

> A litigant may be deemed to act maliciously if his actions "[i]mport a wish to vex, annoy, or injure another, or an intent to do a wrongful act, and may consist in direct intention to injure, or in reckless disregard of another's rights." BLACK'S LAW DICTIONARY, Special Fifth Ed. at 863 (1981). Therefore, "the court must assess the character of the allegations insofar as they indicate a motive on the part of the plaintiff to merely harass or vex the defendants rather than to seek redress for a legitimate legal claim." *Daves v. Scranton*, 66 F.R.D. 5, 7 (E.D. Pa. 1975).

*Cain v. Com. of Va.*, 982 F. Supp. 1132, 1136 (E.D. Va. 1997). Further, "[t]he courts have long recognized that inmate complaints against state officials are a particularly fertile arena for frivolous and malicious litigation." *Id.* (citing *Daye v. Bounds*, 509 F.2d 66, 68 (4th Cir. 1975)).

---

[6] Witness litigation privilege may only extend to claims for damages. *See Briscoe*, 460 U.S. at 331 (explaining that witnesses are immune "from *subsequent damages liability* for their testimony in judicial proceedings." (emphasis added)). Jamison also asks for injunctive relief, but the Court fails to discern exactly what relief the Court could grant. Jamison asks the Court to find Defendants liable for civil perjury, grant him injunctive relief "in the form of outside medical services for his known celiac disease," to investigate certain state attorneys, and "to suspend all professional licensing." (ECF No. 1, at 4–15.) Jamison's request is not truly for injunctive relief because he does not ask the Court to enjoin any action by Defendants. Accordingly, Jamison's purported request for injunctive relief is also frivolous. Jamison also fails to identify a procedural vehicle that would allow this Court to find Defendants liable for perjury in a different case or to order an investigation of state attorneys or suspend state licenses for Defendants.

common law and in § 1983). "The policy considerations underlying witness immunity for testimony in open court apply with equal force to other forms of testimony such as depositions and affidavits." *Giffin v. Summerlin*, 78 F.3d 1227, 1231 (7th Cir. 1995) (citations omitted) (explaining that "[t]estimony by deposition is an important part of the judicial process and merits the same protection as in-court testimony"); *Nestor v. Antolini*, No. 1:20–CV–217, 2021 WL 4963544, at *21 (N.D. W. Va. May 19, 2021) (citations omitted) (explaining that witnesses "enjoy immunity for their statements or communications within judicial proceedings."). This privilege "is a broad one," and a plaintiff may not "recover even if the witness knew the statements were false and made them with malice." *Day*, 907 F.3d at 771–72 (quoting *Briscoe*, 460 U.S. at 332)).[5]

Here, Jamison seeks to hold Defendants liable solely based on their written testimony in a prior civil action where he disliked the result. Jamison's allegations made against Defendants fall squarely within the scope of the Witness Litigation Privilege. *See Green v. George*,

---

[5] The United States Court of Appeals for the Fourth Circuit explained the necessity of absolute witness immunity as follows:

> It requires no great feat of imagination to see where a civil action for damages against a witness would lead. Armed with a cause of action against opposing witnesses, both parties would use such actions to strafe those who testified for the other side. For "controversies sufficiently intense to erupt in litigation are not easily capped by a judicial decree. The loser in one forum will frequently seek another." The havoc would fall on experts and lay witnesses alike, just as it would fall on those who appeared for the plaintiff, the defendant, or the prosecution. Stripped of their immunity, witnesses would be dragged into court once again, this time asked to defend their earlier testimony.
> Any erosion of the common law immunity for witnesses would undermine the truth-seeking function of the initial proceeding, invite new claims by disgruntled litigants, and deter participation by those in a position to offer valuable testimony. The privilege has been around so long and recognized so widely for a reason: it helps the judicial system work.

*Day*, 907 F.3d at 773 (citation omitted).

This is true, in part, because incarcerated litigants, "possess both time and dissatisfactions in abundance." *Cochran*, 73 F.3d at 1316. Furthermore, in assessing whether an action is malicious, the Court's review is not limited to the current complaint but is guided by the plaintiff's past litigious conduct. *Id.* at 1316–17.

Here, having no success in suing individual VDOC defendants in his Western District Case, Jamison now seeks to file a separate action to harass individuals who provided affidavits in that case. Jamison seeks a million dollars in damages against each Defendant. (ECF No. 1, at 15.) As explained above, Defendants are immune from this type of suit, and should not be subject to vexatious litigation stemming from their role as a witness. Moreover, as Jamison knows from the opinions entered in the Western District Case, he is not entitled to relief on the underlying facts. Given the circumstances, the Court concludes that Jamison initiated the current lawsuit in bad faith, and to harass and inconvenience the Defendants. Accordingly, the Court will also dismiss the action as MALICIOUS pursuant to § 1915A(b)(1).

### IV. Conclusion

For the foregoing reasons, Jamison's claims and the action will be DISMISSED as FRIVOLOUS and MALICIOUS. The Clerk will be DIRECTED to note the disposition of the action for the purposes of 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

Date: 6/5/2023
Richmond, Virginia

/s/
M. Hannah Lauck
United States District Judge